[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON DEFENDANT'S MOTIONS DATED SEPTEMBER 16, 1994TO CONSOLIDATE AND TO SEVER THE TAMPERING WITH PHYSICALEVIDENCE COUNTS
I. Motion to Consolidate
The Motion to Consolidate is denied. Each count requires evidence of a different and distinct act. The issue of double jeopardy will arise only if the Defendant is convicted on more than one of these tampering counts, and then only with respect to sentencing.
II. Motion to Sever
The rules regarding severance are stated in State v. Schroff,198 Conn. 405, 408-10 (1986), and cases cited therein. These rules may be summarized as follows:
1. The question of severance is within the sound discretion of the trial court.
2. Such discretion should be exercised only when a joint trial will be substantially prejudicial to the rights of the Defendant. This means something more than that a joint trial will be less advantageous to the Defendant.
3. No need for severance exists until the Defendant makes a convincing showing that he has both important testimony to give CT Page 10349 concerning one count and strong need to refrain from testimony on the counts sought to be severed.
4. The Defendant must satisfy the Court that his claim of prejudice is genuine. If so, the Court then must weigh the considerations of economy and expedition in judicial administration against the Defendant's interest in having a free choice with respect to testifying.
The Court has carefully considered these requirements in conjunction with the arguments of the parties and the evidence available to it. The Court finds that the Defendant has met his heavy burden of persuasion. He will be substantially prejudiced by a joint trial.
The Defendant is charged with murder. If convicted on that charge, he faces a potential sentence of life imprisonment. He has declared his intention to testify in his own defense on the murder charge. The nature and substance of that testimony has been disclosed by his testimony at the first trial. In view of the severity of the murder charge and the potential penalty upon conviction, he should be free so to testify without fear of self incrimination on the tampering charges.
The Court is further persuaded by the fact that although the information upon which the tampering charges are based was available to the State sufficiently prior to the first trial, it did not see fit then so to charge the Defendant. In fact, the tampering charges were not filed until July 27, 1994, over 19 months after the first trial ended in a mistrial on December 2, 1992 by reason of a hung jury.
The State is not harmed by this ruling. Evidence material to the tampering charges may still be introduced if and to the extent relevant to issues incident to the murder charge. Moreover, it is likely that disposition of the murder charge will result in a disposition of the tampering charges without the necessity of a trial.
The Motion to Sever is granted. Trial on the tampering counts shall be deferred until final disposition of proceedings on the murder count.
David L. Fineberg, J. CT Page 10350